FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC., PLAINTIFF-APPELLEE v.
ASHEVILLE CITY BOARD OF EDUCATION, DEFENDANT-APPELLANT

No. COA01-420

(Filed 21 May 2002)

**Schools and Education— charter school funding—supplemental school tax, penal fines and forfeitures**

The trial court did not err by granting summary judgment for a charter school which sought additional funding from a school board where the charter school received an equal per pupil share from the board's local current expense fund but received no share of revenues collected from the supplemental school tax or penal fines and forfeitures. The Legislature clearly intended that charter schools be treated as public schools subject to the uniform budget format and that the operating expenses of the public school systems be included in a single local expense fund which expressly includes penal fines and forfeitures, and supplemental taxes.

Appeal by defendant from amended judgment entered 5 January 2001 by Judge Ronald K. Payne in Buncombe County Superior Court. Heard in the Court of Appeals 10 January 2002.

*Goldsmith, Goldsmith & Dews, P.A., by C. Frank Goldsmith, Jr., for plaintiff-appellee.*

*Schwartz & Shaw, P.L.L.C., by Richard A. Schwartz and Brian C. Shaw, for defendant-appellant.*

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for Financial Reform for Excellence in Education, amicus curiae.*

BRYANT, Judge.

This appeal arises out of the interpretation of statutes that provide public and charter schools with local funding.

## I. Background

Plaintiff, Francine Delany New School for Children, Inc. [Delany School], is a charter school operating within the Asheville City Schools Administrative Unit. Defendant, Asheville City Board of Education [Board], operates public schools also within the Asheville City Schools Administrative Unit.

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

Charter schools are public schools. N.C.G.S. § 115C-238.29E(a) (2001). As such, they are eligible for state and local funding. Section 115C-238.29H(b) provides that "[i]f a student attends a charter school, the local school administrative unit in which the child resides shall transfer to the charter school an amount equal to the per pupil local current expense appropriation to the local school administrative unit for the fiscal year." N.C.G.S. § 115C-238.29H(b) (2001).

By statute, all North Carolina public schools must adhere to a uniform budget format. *See* N.C.G.S. § 115C-426(a) (2001). Under this format, funding for public schools comes from three sources: 1) the State Public School Fund; 2) the local current expense fund; and 3) the capital outlay fund. N.C.G.S. § 115C-426(c) (2001). At issue in this appeal are revenues from fines and forfeitures and from supplemental school taxes accruing to the local current expense fund.

The local current expense fund contains revenues from several sources accruing to the local school administrative unit [LSAU] for the public school system's current operating expenses. N.C.G.S. § 115C-426(e) (2001). The local current expense fund includes:

> revenues accruing to the local school administrative unit by virtue of Article IX, Sec. 7 of the Constitution, moneys made available to the local school administrative unit by the board of county commissioners, supplemental taxes levied by or on behalf of the local school administrative unit pursuant to a local act or G.S. 115C-501 to 115C-511, State money disbursed directly to the local school administrative unit, and other moneys made available or accruing to the local school administrative unit for the current operating expenses of the public school system.

N.C.G.S. § 115C-426(e); *see* N.C. Const. art. IX, § 7.

The parties stipulated that these revenues include Buncombe County's annual appropriation to the local current expense fund of the Asheville City Schools. Delany School received an equal per pupil share of Buncombe County's annual appropriation to the Board's local current expense fund, but received no share of the revenues collected from the supplemental school tax or penal fines and forfeitures. Delany School requested that the Board include revenues from supplemental school taxes and penal fines and forfeitures as part of the funds transferred on a per pupil basis. The Board refused, despite the fact that revenues from supplemental taxes and from penal fines and forfeitures are included in the per pupil funding to non-charter public schools. Delany School received an average of $1075.38 per

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

pupil from the Board during its first three years of operation. Had Delany School received revenues from supplemental taxes and penal fines and forfeitures, the per pupil allocation would have been an additional $1100.

Delany School requested an Advisory Opinion from the North Carolina Attorney General's Office regarding whether local school boards authorized to levy supplemental school taxes must transfer a share of the levied tax to charter schools. The Attorney General's Office issued an Advisory Opinion on 23 September 1998, stating that in its opinion, the local school boards were required to transfer a share of the levied tax because the tax is part of the local current expense fund, which is indistinguishable from the local current expense appropriation to the local school administrative unit. Advisory Opinion by Special Deputy Attorney General Thomas J. Ziko and Assistant Attorney General Laura E. Crumpler, *Charter School's Entitlement to Supplemental Tax Funds*, to C. Frank Goldsmith, Jr., Goldsmith, Goldsmith & Dews, P.A. 2-3 (Sept. 23, 1998), http://www.jus.state.nc.us/opinion/advisory/advs98.htm#[381] (last modified Feb. 4, 1999). In response, attorneys for the North Carolina School Boards Association, the North Carolina Association of School Administrators and four other school law attorneys sent to the Attorney General's Office a letter disputing the Advisory Opinion.

Delany School filed a complaint in the Superior Court of Buncombe County on 7 September 1999, seeking: 1) a judgment declaring as unlawful the Board's refusal to share funds received from the supplemental school tax; 2) a judgment declaring as unlawful the Board's refusal to share the funds received from the collection of penal fines and forfeitures; 3) an order enjoining the Board from refusing to include the above-mentioned funds in the Board's calculation of the per pupil local current expense appropriation; and 4) an order requiring the Board to remit to Delany School the difference between the per pupil local current expense appropriation actually transferred by the Board from the 1997 to the 1999 school years, and the amount which should have been transferred, i.e., the per pupil local current expense appropriation for those years calculated to include funds from the supplemental school tax and penal fines and forfeitures, plus interest. The Board answered, and both parties moved for summary judgment.

The trial court granted summary judgment in favor of Delany School and entered an Amended Judgment on 5 January 2001. In

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

reaching summary judgment, the trial court stated that the terms "fund" and "appropriation" are used interchangeably in Chapter 115C. The trial court enjoined the Board from withholding the funds received from the supplemental school tax and from penal fines and forfeitures in the calculation of the per pupil local current expense appropriation. The trial court also ordered the Board to pay Delany School the difference between the per pupil local current expense appropriation actually transferred by the Board for the school years in question and the per pupil local current expense appropriation for those years calculated to include funds received by the Board from the supplemental school tax and penal fines and forfeitures, plus interest. The Board appealed.

The Board raises two assignments of error. First, that the trial court erred in concluding that the phrase "local current expense appropriation" in the Current Operations Appropriations and Capital Improvement Appropriations Act of 1998 [Charter School Funding Statute], N.C.G.S. § 115C-238.29H(b), is synonymous with the phrase "local current expense fund" in the School Budget and Fiscal Control Act, N.C.G.S. § 115C-426(e). Second, that the trial court erred in concluding that Delany School is entitled to a share of supplemental school taxes and penal fines and forfeitures received by the Board. We disagree with the Board and affirm the trial court.

## II.  Scope of Review

Upon motion, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2001). An issue is material if "the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). An issue is genuine if it is supported by substantial evidence. *Id.* Our task is to determine, after reviewing the entire record: 1) whether a genuine issue of material fact exists; and 2) whether Delany School was entitled to judgment as a matter of law. The parties have stipulated to the material facts; therefore, this Court need only determine whether Delany School is entitled to judgment as a matter of law.

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

### III. "Appropriation" and "Fund"

The Board argues that the trial court erred in concluding that there is no material difference between "local current expense appropriation" and "local current expense fund." The trial court stated, "The fact that the School Budget and Fiscal Control Act refers to local operating expenses as the 'local current expense *fund*' whereas the Charter School Funding Statute refers to such expenses as the 'local current expense *appropriation*' is not a material distinction." In its order the court noted that the terms "fund" and "appropriation" are used interchangeably in Chapter 115C. The trial court concluded that "local current expense *appropriation*" includes supplemental school taxes because "the definition of local current expense *fund* in N.C. Gen. Stat. § 115C-426(e) expressly refers to the monies generated by the supplemental tax and by penal fines and forfeitures as becoming a part of county appropriations." (Emphases added.). We agree with the trial court's interpretation of the definition of "local current expense fund."

The specific issue is whether N.C.G.S. § 115C-238.29H(b) of the Charter School Funding Statute, which refers to the "local current expense appropriation" to the LSAU, when construed with N.C.G.S. § 115C-426(e), which refers to the local current expense fund, requires the Board to transfer to Delany School money other than the county's annual budget appropriation to the LSAU under N.C.G.S. § 115C-429. The Board argues that Delany School is not entitled to an apportionment of the county's fines and forfeitures or supplemental school taxes because N.C.G.S. § 115C-238.29H(b) requires the LSAU to transfer funds amounting to the per pupil local current expense *appropriation to* the LSAU. The Board contends that an appropriation is "the authorization by a governmental body to spend up to a certain amount of money for a specified purpose." A "fund," the Board argues, is "defined by statute as an 'independent fiscal and accounting entity,' consisting of cash and other resources, together with related liabilities and equities, for the purpose of carrying on specific activities or obtaining certain objectives." (citing N.C.G.S. §§ 115C-423(5), 159-7(b)(8)). Therefore, "appropriation" and "fund" have different meanings.[1] Furthermore, the Board argues that the language of N.C.G.S. § 115C-238.29H(b) is critical because "[a]n

---

1. We note that Webster's Dictionary defines "appropriation" as "money set aside for a specific use," Webster's New World College Dictionary 70 (4th ed. 1999), and defines "fund" as "a sum of money set aside for some particular purpose." *Id.* at 573. We do not, however, base our decision on the common definitions of these words.

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

appropriation <u>by</u> a governmental body is akin to an expenditure, because it authorizes future expenditures. An appropriation <u>to</u> a governmental body is a revenue source to that governmental body (and is an expenditure by the other governmental body which made the appropriation)."

Delany School, on the other hand, argues that the distinction between "appropriation" and "fund" is one without a difference. Delany School argues that the definition of "local current expense fund" in N.C.G.S. § 115C-426(e)

> expressly includes "appropriations" in a way that clearly refers to the local supplemental tax and fines and forfeitures: "These *appropriations* shall be funded by revenues accruing to the local school administrative unit by virtue of Article IX, Sec. 7 of the Constitution . . . , supplemental taxes . . . , and other moneys made available or accruing to the local school administrative unit for the current operating expenses of the public school system."

(alterations in original) (quoting N.C.G.S. § 115C-426(e)). Delany School also argues that because the North Carolina Constitution uses "appropriate" to refer to the transfer of fines and forfeitures, then, according to the Board's argument, "the drafters of the Constitution erred in using the wrong verb to describe the disposition of these funds." Finally, Delany School argues that to use the Board's construction of the statutes would fly in the face of the Legislature's intent that charter schools be treated as public schools. We agree. We begin with a discussion of the language of the statutes and the mechanics of school funding.

## A. Local Current Expense Fund

### 1. Board of County Commissioners

The county budget approval by the board of county commissioners is governed by N.C.G.S. § 115C-429. The county superintendent of schools submits the budget to the board of education. N.C.G.S. § 115C-429(a) (2001). The board of education approves the budget, then submits it to the board of county commissioners. *Id.* The board of county commissioners determines the amount of county revenues to appropriate to the LSAU for the budget year. N.C.G.S. § 115C-429(b) (2001). The board of county commissioners then appropriates the revenues to the LSAU school finance officer. N.C.G.S. § 115C-437 (2001). These revenues are included in the local

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

current expense fund for the LSAU's operating expenses. N.C.G.S. § 115C-426 (2001).

## 2. Penal Fines and Forfeitures

Article IX, Section 7 of the North Carolina Constitution provides that "the clear proceeds of all penalties and forfeitures and of all fines collected in the several counties for any breach of the penal laws of the State . . . shall be faithfully appropriated and used exclusively for maintaining free public schools." N.C. Const. art. IX, § 7. The appropriation of fines and forfeitures is governed by N.C.G.S. § 115C-452, entitled 'Fines and forfeitures,' and N.C.G.S. § 115C-430, entitled 'Apportionment of county appropriations among local school administrative units.' Fines and forfeitures are collected in the General Court of Justice in each county. N.C.G.S. § 115C-452 (2001). The proceeds are remitted by the clerk of superior court to the county finance officer, who determines the amount to apportion to each LSAU if there is more than one LSAU in the county. *Id.* If there are multiple LSAUs, "all *appropriations* by the county to the local current expense funds of the units, except appropriations funded by supplemental taxes levied less than countywide . . . must be apportioned according to the membership of each unit." N.C.G.S. § 115C-430 (2001) (emphasis added).

Fines and forfeitures are apportioned according to the projected average daily membership of each LSAU. *Id.* County appropriations are properly apportioned when the dollar amount obtained by dividing the amount appropriated to each unit by the total membership of the unit is the same for each unit. N.C.G.S. § 115C-430 (2001). The county finance officer then remits the proper portion to the LSAU finance officer. N.C.G.S. § 115C-452 (2001). These revenues are included in the local current expense fund for the LSAU's operating expenses. N.C.G.S. § 115C-426 (2001).

## 3. Supplemental School Taxes

Supplemental school taxes may be levied to supplement state and county funds and operate schools of a higher standard. N.C.G.S. §§ 115C-501 to -511 (2001).

> Elections may be called by the local tax-levying authority to ascertain the will of the voters as to whether there shall be levied and collected a special tax in the several local school administrative units, districts, and other school areas, including districts formed from contiguous counties, to supplement the funds from

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

State and county allotments and thereby operate schools of a higher standard by supplementing any item of expenditure in the school budget.

N.C.G.S. § 115C-501. Residents of the Asheville City School District approved a supplemental school tax in a school tax election on 27 August 1935.[2] Based on such an election, the board of county commissioners is thereafter authorized to levy a tax on property within the LSAU to supplement the local current expense fund. N.C.G.S. § 115C-511(a) (2001). The county collects the tax and remits it to the LSAU. N.C.G.S. § 115C-511(b). The tax revenues are included in the local current expense fund for the LSAU's operating expenses. N.C.G.S. § 115C-426 (2001). Residents of the Asheville City School District have paid annual supplemental school taxes since 1935 to operate schools in the Asheville City Schools Administrative Unit on a higher standard than that provided for by the State.

### B. Legislative Intent

We first address our rules of statutory construction. The meaning of a statute is controlled by legislative intent. *Brown v. Flowe*, 349 N.C. 520, 507 S.E.2d 894 (1998). "To determine legislative intent, a court must analyze the statute as a whole, considering the chosen words themselves, the spirit of the act, and the objectives the statute seeks to accomplish." *Brown*, 349 N.C. at 522, 507 S.E.2d at 895. If the language of a statute is unambiguous on its face, then we must construe the statute according to its plain meaning. *Lutz v. Gaston County Bd. of Educ.*, 282 N.C. 208, 192 S.E.2d 463 (1972); *Davis v. Granite Corp.*, 259 N.C. 672, 131 S.E.2d 335 (1963); *Hedrick v. Graham*, 245 N.C. 249, 96 S.E.2d 129 (1956). However, where the language of the statute is ambiguous and its meaning is unclear, legislative intent controls. *Whittington v. N.C. Dep't of Human Resources*, 100 N.C. App. 603, 606, 398 S.E.2d 40, 42 (1990). Statutes on the same subject matter must be construed together and harmonized to give effect to each. *Lutz*, 282 N.C. at 219, 192 S.E.2d at 471.

N.C.G.S. § 115C-238.29E(a) states, "A charter school that is approved by the State shall be a public school within the local school administrative unit in which it is located." N.C.G.S. § 115C-426(a) states, "The State Board of Education, in cooperation with the Local Government Commission, shall cause to be prepared and promul-

---

2. Prior to the vote, the Citizens Committee for the School Supplement told voters, "Every penny provided by the Supplement will be spent under the supervision of the Asheville School Board and for the improvement of the Asheville City Schools."

FRANCINE DELANY NEW SCHOOL FOR CHILDREN, INC. v. ASHEVILLE CITY BD. OF EDUC.

[150 N.C. App. 338 (2002)]

gated a standard budget format for use by local school administrative units throughout the State." After reviewing the language of the education statutes, we hold that the trial court did not err in concluding that there is no material distinction between 'local current expense fund' in the Fiscal Control Act and 'local current expense appropriation' in the Charter School Funding Statute. Legislative history gives us insight into the intent of the Legislature in providing funding for charter schools.

The Legislature clearly intended for charter schools to be treated as public schools subject to the uniform budget format. *See* N.C.G.S. § 115C-239E(a) ("A charter school . . . shall be a public school . . . .") and N.C.G.S. § 115C-424 ("It is the intent of the General Assembly . . . to prescribe for the public schools a uniform system of budgeting and fiscal control."). The Legislature also clearly intended that the operating expenses of the public school systems be included in a single local expense fund which expressly includes penal fines and forfeitures and "supplemental taxes levied by or on behalf of the local school administrative unit." N.C.G.S. § 115C-426(e). Construing the Charter School Funding Statute with other public funding statutes in Chapter 115C, it is clear that the Legislature intended that supplemental taxes as well as penal fines and forfeitures be included in the operating budget of the school—the local expense fund.

Fines and forfeitures are apportioned according to N.C.G.S. § 115C-430. N.C.G.S. § 115C-452 and N.C.G.S. § 115C-430 state that, if there are multiple LSAUs in a county, "*all appropriations* by the county to the local current expense funds of the [LSAUs], except appropriations funded by supplemental taxes levied less than countywide . . . , must be apportioned according to the membership of each unit." N.C.G.S. § 115C-430. Reading § 115C-452 and § 115C-430 in pari materia, as we must, it is clear that fines and forfeitures are appropriated to the local current expense fund. The local current expense fund is used for the LSAU's current operating expenses. N.C.G.S. § 115C-426. Therefore, the appropriations included in the local current expense fund—fines and forfeitures, supplemental school taxes and county budgetary appropriations—are local current expense appropriations to the LSAU. "A [statutory] construction which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without violence to the legislative language." *State v. Hart*, 287 N.C. 76, 80, 213 S.E.2d 291, 295 (1975) (citing *Ballard v. Charlotte*, 235 N.C. 484, 70 S.E.2d 575 (1952)). The Legislature has clearly expressed its intent that charter schools

approved by the State be treated as public schools within the LSAU. We will not interpret the statutes at issue in this appeal in such a way as to defeat that intent.

## V. Conclusion

Based on the foregoing, we hold that the trial court did not err in concluding that the phrase "local current expense appropriation" in the Charter School Funding Statute, N.C.G.S. § 115C-238.29H(b), is synonymous with the phrase "local current expense fund" in the School Budget and Fiscal Control Act, N.C.G.S. § 115C-426(e). We further hold that the trial court did not err in concluding that Delany School is entitled to a share of supplemental school taxes and penal fines and forfeitures received by the Board. Therefore, Delany School is entitled to judgment as a matter of law. Accordingly, we affirm.

AFFIRMED.

Judges MARTIN and TIMMONS-GOODSON concur.