**LEARNING CTR./OGDEN SCH., INC. v. CHEROKEE CNTY. BD. OF EDUC.**

[223 N.C. App. 423 (2012)]

LEARNING CENTER/OGDEN SCHOOL, INC., d/b/a THE LEARNING CENTER CHARTER SCHOOL, Plaintiff v. CHEROKEE COUNTY BOARD OF EDUCATION, d/b/a CHEROKEE COUNTY SCHOOLS, Defendant

No. COA11-1270

(Filed 20 November 2012)

**Schools and Education charter school funding—amendment of county budget**

The trial court properly entered summary judgment for the Cherokee County Board of Education (CCBE) with respect to a transfer of funds that affected the amount due to charter schools. Under *Thomas Jefferson Classical Acad. v. Rutherford Cnty. Bd. of Educ.*, No COA10-1121 (20 September 2011), since CCBE amended its budget prior to the end of the fiscal year, that amendment was effective to preclude the Learning Center Charter School from sharing in the funds transferred by the amendment.

Appeal by plaintiff from order entered 24 May 2011 by Judge Zoro J. Guice, Jr. in Cherokee County Superior Court. Heard in the Court of Appeals 15 August 2012.

*Robinson, Bradshaw & Hinson, P.A., by Richard A. Vinroot, A. Ward McKeithen, and Matthew F. Tilley, for plaintiff-appellant.*

*Campbell Shatley, PLLC, by Christopher Z. Campbell and Brian D. Elston, for defendant-appellee.*

GEER, Judge.

Plaintiff Learning Center/Ogden School, Inc., d/b/a the Learning Center Charter School ("Learning Center"), appeals from the trial court's order granting summary judgment to defendant Cherokee County Board of Education, d/b/a Cherokee County Schools ("CCBE"). Learning Center argues that the trial court erroneously concluded that CCBE properly amended its 2009-2010 budget before the end of the 2009-2010 fiscal year, transferring funds from the local current expense fund to a separate fund. Learning Center contends that it was entitled to a pro rata share of the funds that were the subject of the budget amendment, arguing only that the amendment was not sufficient to remove the funds from the local current expense fund.

This Court's recent decision in *Thomas Jefferson Classical Acad. v. Rutherford Cnty. Bd. of Educ.*, 215 N.C. App. 530, 715 S.E.2d 625

424 IN THE COURT OF APPEALS

LEARNING CTR./OGDEN SCH., INC. v. CHEROKEE CNTY. BD. OF EDUC.

[223 N.C. App. 423 (2012)]

(2011), *disc. review denied*, 325 N.C. 573, 724 S.E.2d 531 (2012), is controlling. Under *Thomas Jefferson*, since CCBE amended its budget prior to the end of the fiscal year, that amendment was effective to preclude Learning Center from sharing in the funds transferred by the amendment. Accordingly, we affirm the order of the trial court.

---

In prior cases, school boards and charter schools have litigated which funds received by a local school administrative unit must be shared with the charter schools. Our legislature has provided that for each student attending a charter school in a particular school district, the "local school administrative unit" must transfer to the charter school "an amount equal to the per pupil *local current expense appropriation* to the local school administrative unit for the fiscal year." N.C. Gen. Stat. § 115C-238.29H(b) (2011) (emphasis added).

Under N.C. Gen. Stat. § 115C-426 (2011), the State Board of Education in cooperation with the Local Government Commission has authority to create a uniform budget format for use by local school administrative units.[1] That uniform budget format must include a "local current expense fund." N.C. Gen. Stat. § 115C-426(c). The "local current expense fund," in turn, must include "appropriations sufficient, when added to appropriations from the State Public School Fund, for the current operating expense of the public school system. . . ." N.C. Gen. Stat. § 115C-426(e).

This Court has held that the "local current expense fund" under N.C. Gen. Stat. § 115C-426 is synonymous with the "local current expense appropriation" that must be shared with charter schools under N.C. Gen. Stat. § 115C-238.29H(b). *Francine Delany New Sch. for Children, Inc. v. Asheville City Bd. of Educ.*, 150 N.C. App. 338, 347, 563 S.E.2d 92, 98 (2002). While school boards have argued that not all funds deposited in the local current expense fund are subject to distribution to charter schools, this Court, in *Sugar Creek Charter Sch., Inc. v. Charlotte-Mecklenburg Bd. of Educ.*, 188 N.C. App. 454, 655 S.E.2d 850 (2008) (*Sugar Creek I*), and *Sugar Creek Charter Sch., Inc. v. Charlotte-Mecklenburg Bd. of Educ.*, 195 N.C. App. 348, 673 S.E.2d 667 (2009) (*Sugar Creek II*), set out a simple bright-line rule. As this Court explained in *Thomas Jefferson*, the holdings in those cases established "that when 'restricted funds' are placed in the 'local current expense fund' and not in a separate account, they must be

---

1. N.C. Gen. Stat. § 115C-426 was amended by 2010 N.C. Sess. Law ch. 31, § 7.17(a) (effective July 1, 2010), to clarify the provisions at issue here.

LEARNING CTR./OGDEN SCH., INC. v. CHEROKEE CNTY. BD. OF EDUC.

[223 N.C. App. 423 (2012)]

included in the computation of the amount due to the charter school." 215 N.C. App. at 539, 715 S.E.2d at 631. *See also id.* at 538, 715 S.E.2d at 631 ("[I]f the funds are placed in the 'local current expense fund' and not in a 'special fund,' they must be considered when calculating the per pupil amount due the charter schools.").

On 16 December 2009, following this Court's decision in *Sugar Creek II*, the Department of Public Instruction and the Local Government Commission exercised their authority under N.C. Gen. Stat. § 115C-426(a) to authorize creation of a new fund. This fund, called Fund 8, was one in which school boards could "separately maintain funds that are restricted in purpose and not intended for the general K-12 population" in the local school administrative unit.

On 17 May 2010, plaintiff Learning Center sent a letter to CCBE demanding payment of funds it alleged the Board still owed the school for the 2006-2007, 2007-2008, and 2008-2009 school years, as well as an as-yet-undetermined amount for the 2009-2010 school year. On 8 June 2010, CCBE adopted a resolution creating "Fund 8." Then, on 28 June 2010, prior to the close of the 2009-2010 fiscal year, CCBE adopted a resolution moving certain funds in the 2009-2010 budget that it classified as restricted from its local current expense fund to the newly-created Fund 8.

In addition, also on 28 June 2010, CCBE adopted a resolution that attempted to move certain restricted funds received by the Board in fiscal year 2006-2007 out of the local current expense fund and into Fund 8 for the 2006-2007 fiscal year. On 12 August 2010, CCBE adopted an identical resolution purporting to transfer restricted funds for fiscal years 2007-2008 and 2008-2009.

Learning Center filed suit alleging that CCBE was in violation of the charter school funding statutes because it had transferred to Learning Center a *pro rata* share of only a portion of the funds in its local current expense appropriation for the years 2006-2007, 2007-2008, 2008-2009, and 2009-2010. Learning Center contended that the resolutions amending the budgets for those years were ineffective and that CCBE owed Learning Center $231,157.00 for the fiscal years running from 2006 through 2009 and owed an unknown amount for the 2009-2010 fiscal year. CCBE, in its answer, included a counterclaim seeking a declaratory judgment that it did not have to share funds with Learning Center that were restricted by law as to their use or were used to provide voluntary services to populations outside its obligation to provide an education to public school students.

LEARNING CTR./OGDEN SCH., INC. v. CHEROKEE CNTY. BD. OF EDUC.

[223 N.C. App. 423 (2012)]

The parties cross-moved for summary judgment. On or about 20 May 2011, the trial court granted summary judgment to Learning Center as to fiscal years 2006-2007, 2007-2008, and 2008-2009, but granted summary judgment to CCBE with respect to funds transferred to Fund 8 during the 2009-2010 fiscal year. Both parties timely appealed to this Court.

Discussion

After the filing of the parties' notices of appeal, this Court, in *Thomas Jefferson*, again considered what funds must be included in a school board's calculation of the *pro rata* share to be distributed to charter schools. In that opinion, the Court addressed, among other issues, the effect of a school board's attempt to amend its budget resolutions for fiscal year 2008-2009 and 2009-2010, precisely the issues presented by this case.

In *Thomas Jefferson*, the attempted amendment of the 2008-2009 budget occurred on 8 December 2009, after the close of the fiscal year on 30 June 2009. 215 N.C. App. at 540, 715 S.E.2d at 632. The board created a new Fund Seven and stated that it was transferring funds from the local current expense fund into Fund Seven, even though no funds could actually transfer since all the funds for the 2008-2009 school year had been spent. *Id.* The Court agreed with the trial court that "[s]ince the funds were already spent, the trial court correctly held that the purported amendment to the 2008-09 budget was 'without legal effect.' " *Id.* at 541, 715 S.E.2d at 632.

With respect to the 2009-2010 fiscal year budget, however, the Court noted that the school board had amended that budget on 12 January 2010, before the end of the fiscal year, and had transferred over $5 million from the local current expense fund into Funds Seven and Eight. *Id.* 715 S.E.2d at 633. In concluding that the school board had authority to amend its 2009-2010 budget to make this transfer, the Court first noted that *Sugar Creek I* had already rejected the charter school's argument that "all monies provided to the local administrative unit must be placed into the 'local current expense fund' (Fund Two)." *Thomas Jefferson*, 215 N.C. App. at 542, 715 S.E.2d at 633. Further, the Court also rejected the charter school's claim that " 'restricted funds' cannot be placed in a fund separate from the 'local current expense fund' without the specific direction from the donor of the funds." *Id.* at 544, 715 S.E.2d at 634.

LEARNING CTR./OGDEN SCH., INC. v. CHEROKEE CNTY. BD. OF EDUC.

[223 N.C. App. 423 (2012)]

Instead, this Court explained, "*Sugar Creek I* and *II* clearly indicate that it is incumbent upon the local administrative unit to place restricted funds into a separate fund. If the funds are left in the 'local current expense fund,' then they are to be considered in computing the per pupil amount to be allocated to the charter school." *Id.* at 544-45, 715 S.E.2d at 634. Therefore, the Court held, the school board "had the authority to amend its 2009-10 budget to transfer restricted funds from Fund Two to Funds Seven and Eight." *Id.* at 545, 715 S.E.2d at 634.

In this case, CCBE, because of *Thomas Jefferson*, moved to withdraw its appeal on 6 July 2012, acknowledging that the decision resolved the question whether CCBE could effectively amend its budgets for prior fiscal years. This Court allowed that motion on 10 July 2012.

With respect to Learning Center's appeal, the only issue before this Court is whether CCBE's amendment of the budget for the 2009-2010 fiscal year was effective in removing the funds sought to be transferred from the local current expense fund. Learning Center does not dispute that the funds that CCBE was attempting to transfer were properly classified as "restricted funds" that could be placed in "Fund 8," as provided by the Department of Public Instruction.

Learning Center urges on appeal that although *Thomas Jefferson* held that a school board could effectively amend its budget during the current fiscal year, this Court should hold that a purported transfer of funds from the local current expense fund is only effective to the extent that the school board can show that the money has not already been spent. However, the language in *Thomas Jefferson* cited by Learning Center in support of this argument related only to a school board's attempt to amend prior year budgets. The Court observed as to such post hoc amendments, "[s]ince the funds were already spent, the trial court correctly held that the purported amendment to the 2008–09 budget was 'without legal effect.'" *Id.* at 541, 715 S.E.2d at 632. *Thomas Jefferson* did not include such a requirement for current-year amendments even though the amendment in that case occurred mid-way through the fiscal year.

Instead, the Court's "Conclusion" in *Thomas Jefferson* set out the following rules with respect to calculation of the amounts due to a charter school:

Under our prior holdings in *Delany* and *Sugar Creek I* and *II*, funds placed into the "local current expense fund" must be con-

MARTINEZ v. UNIV. OF N.C.

[223 N.C. App. 428 (2012)]

sidered in computing the amounts due to a charter school. During the current fiscal year, a local administrative unit may amend its budget to place restricted funds into special funds. However, it may not retroactively amend the budget of a fiscal year that has already ended and the funds expended.

*Id.* at 545, 715 S.E.2d at 635. This Court's holding was precise and unambiguous. We may not alter it to add the requirement that a school board, when amending a current fiscal year budget, must show that the money being transferred had not already been spent.

Here, CCBE amended its budget during the current fiscal year, although, admittedly, only just before the end of that year. Under *Thomas Jefferson*, this amendment was effective to transfer the restricted funds into the special fund. The trial court, therefore, properly entered summary judgment in favor of CCBE with respect to the 2009-2010 fiscal year.

Affirmed.

Judges ROBERT C. HUNTER and BEASLEY concur.