An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-697
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

NORTHEAST RALEIGH CHARTER ACADEMY,
INC., d/b/a TORCHLIGHT ACADEMY,
     Plaintiff-Appellee,

v.                                    Wake County
                                      No. 10 CVS 10858

WAKE COUNTY BOARD OF EDUCATION,
d/b/a "WAKE COUNTY PUBLIC SCHOOL
SYSTEM,"
     Defendant-Appellant.


Appeal by defendant from order entered 28 March 2012 by Judge Abraham Penn Jones in Wake County Superior Court and from order entered 4 September 2012 by Judge Donald W. Stephens in Wake County Superior Court. Heard in the Court of Appeals 23 October 2013.


*Bowens Law Group, PLLC, by Stephon J. Bowens and Saleisha N. Williams, for plaintiff appellee.*

*Tharrington Smith, L.L.P., by Deborah R. Stagner, for defendant appellant.*

*Allison B. Schafer and Christine T. Scheef, for the North Carolina School Boards Association, amicus curiae.*


McCULLOUGH, Judge.

Defendant, Wake County Board of Education d/b/a Wake County Public School System ("WCPSS"), appeals from the orders entered by the trial court on 28 March 2012 and 4 September 2012. For the following reasons, we reverse the trial court's orders.

## I. Background

Plaintiff, Northeast Raleigh Charter Academy, Inc., d/b/a Torchlight Academy, is a charter school in Wake County that provides free kindergarten through fifth grade public education to students from Wake, Durham, and Johnston counties. On 29 June 2010, Torchlight Academy commenced this action against WCPSS and Donna Hargens, in her official capacity as Interim Superintendent of WCPSS, by filing a complaint in Wake County Superior Court alleging it was underfunded by WCPSS for the 1999-2000 through the 2009-2010 school years. Based on this allegation, Torchlight Academy sought a declaratory judgment that WCPSS calculate per pupil funding in a manner consistent with the relevant statutes and a judgment for the amount it was underfunded. Torchlight Academy further alleged violations of its equal protection rights under the Fourteenth Amendment to the U.S. Constitution, Article I, Section 19 of the N.C. Constitution, and Title VI of the Civil Rights Act of 1964.

Defendants responded to the complaint with an answer and partial motion to dismiss on 7 September 2010. The partial motion to dismiss came on for hearing in Wake County Superior Court before Judge Shannon Joseph on 21 March 2011. Following the hearing, the trial court filed an order on 23 March 2011 granting defendants' partial motion to dismiss. As a result, Torchlight Academy's equal protection claims and claims against Donna Hargens were dismissed with prejudice. The trial court further concluded Torchlight Academy's remaining claims were subject to a three year statute of limitations and dismissed all claims for the years prior to the 2006-2007 school year with prejudice, leaving only Torchlight Academy's claims for the 2006-2007 through 2009-2010 school years.

On 24 October 2011, Torchlight Academy filed a motion for declaratory judgment and partial summary judgment that later came on for hearing before Judge Abraham Penn Jones on 7 February 2012. By order filed 28 March 2012, the trial court granted Torchlight Academy's motion. Specifically, the trial court held, "[WCPSS] failed to include the total fund balance available for the academic years 2006-2007 through 2009-2010 in its reimbursement payment to [Torchlight Academy], and must include the total fund balance available in order to re-allocate

funds owed to [Torchlight Academy] in an equal and consistent manner . . . ."

Thereafter, the case came on for non-jury trial in Wake County Superior Court on 10 July 2012, the Honorable Donald W. Stephens, Judge presiding. In a 4 September 2012 order, the trial court issued its final judgment awarding Torchlight Academy "an additional allocation from [WCPSS's] general fund balance in the amount of $126,640.18." This award accounted for Torchlight Academy's per pupil share of the unreserved and undesignated portions of the general fund balance for the years at issue.

WCPSS filed notice of appeal from the 28 March 2012 order and the 4 September 2012 order on 3 October 2012. Torchlight Academy did not appeal.

## II. Discussion

The sole issue raised on appeal by WCPSS is whether the trial court erred in concluding Torchlight Academy is entitled to an additional share of the fund balance, over and above the share of the appropriated fund balance already paid to Torchlight Academy by WCPSS.[1] Although phrased differently, this

---

[1]In response to this Court's decision in *Sugar Creek Charter School v. Charlotte-Mecklenburg Bd. of Educ.*, 195 N.C. App. 348, 673 S.E.2d 667 (2009), WCPSS made a $95,145.89 reconciliation

is the same issue decided by this Court in *Charter Day School, Inc. v. New Hanover County Bd. of Educ.*, _ N.C. App. _, _ S.E.2d _ (18 February 2014) (COA13-488), filed simultaneously with this opinion. For reasons set forth more fully in *Charter Day*, we hold the trial court erred.

As discussed in *Charter Day*, the Charter School Funding Statute during the years at issue in this case provided, in pertinent part, "[i]f a student attends a charter school, the local school administrative unit in which the child resides shall transfer to the charter school an amount equal to the per pupil local current expense appropriation to the local school administrative unit for the fiscal year." N.C. Gen. Stat. § 115C-238.29H(b) (2007).[2] In *Francine Delany New School for Children, Inc. v. Asheville City Bd. of Educ.*, this Court held the phrase "local current expense appropriation" in the Charter School Funding Statute was synonymous with the phrase "local current expense fund" in N.C. Gen. Stat. § 115C-426(e) of the Fiscal Control Act. 150 N.C. App. 338, 347, 563 S.E.2d 92, 98 (2002). Thus, charter schools are entitled to a *pro rata* share

payment to Torchlight Academy in February 2010 to account for Torchlight Academy's per pupil share of the fund balance used by WCPSS in the 2006-2007, 2007-2008, and 2008-2009 school years.
[2]We cite to the 2007 version of the N.C. General Statutes because the statutes as they existed in 2007 were in effect throughout the years at issue in this case.

of the local current expense fund under the Charter School Funding Statute.

While this Court made clear that all funds held in the local current expense fund are subject to allocation pursuant to the Charter School Funding Statute, *see Thomas Jefferson Classical Academy v. Rutherford County Bd. of Educ.*, _ N.C. App. _, _, 715 S.E.2d 625, 630 (2011) (discussing this Court's prior charter school funding decisions and stating "[t]he common thread running through each of these holdings is that if funds are placed in the 'local current expense fund[,]' . . . they must be considered as being part of the 'local current expense fund' used to determine the *pro rata* share due to the charter schools[]"), *appeal dismissed and disc. review denied*, _ N.C. _, 724 S.E.2d 531 (2012), it is also clear from the Fiscal Control Act's description of the local current expense fund that only that portion of the fund balance that is "made available or accruing to the local school administrative unit for the current operating expenses of the public school system[]" shall be included in the local current expense fund. *See* N.C. Gen. Stat. § 115C-426(e) (2007). Pursuant to N.C. Gen. Stat. §115C-425 (2007), the local school administrative unit is required to operate under an annual balanced budget resolution adopted by

the local board of education. "A budget resolution is balanced when the sum of the estimated net revenues and appropriated fund balances is equal to the appropriations." N.C. Gen. Stat. § 115C-425(a). "[N]o local school administrative unit may expend any moneys, regardless of their source . . . , except in accordance with a[n adopted] budget resolution." N.C. Gen. Stat. § 115C-425(b).

As we held in *Charter Day*,

> [c]onsidering these provisions together, we hold the fund balance is not available to the local school administrative unit for current operating expenses until it is appropriated for use in a budget resolution adopted by the local board of education. Therefore, only that portion of the fund balance that is actually appropriated in a particular year is to be included in the local current expense fund and subject to *pro rata* allocation pursuant to the Charter School Funding Statute. That portion of the fund balance that is not appropriated remains a balance sheet entry, subject to appropriation in future years.

*Charter Day*, _ N.C. App. at _, _ S.E.2d at _.

Furthermore, as we clarified in *Charter Day*, this holding does not contradict this Court's decision in *Sugar Creek Charter School, Inc. v. Charlotte-Mecklenburg Bd. of Educ.*, 195 N.C. App. 348, 673 S.E.2d 667 (*Sugar Creek II*), *appeal dismissed and disc. review denied*, 363 N.C. 663, 687 S.E.2d 296 (2009). Upon review of the record and this Court's reasoning in *Sugar Creek*

*II*, it is evident that the *Sugar Creek II* opinion concerned only the appropriated portion of the fund balance. Where only the appropriated portion of the fund balance is included in the local current expense fund and shared *pro rata* pursuant to the Charter School Funding Statute, "charter school children have access to the same level of funding as children attending the regular public schools of this State." *Id*. at 357, 673 S.E.2d at 673.

In addition to the single issue raised on appeal by WCPSS, Torchlight Academy, without appealing the trial court's order, raises additional issues for this Court's review. Specifically, Torchlight Academy challenges the trial court's exclusion of the reserved or designated portions of the general fund balance from the local current expense fund and contends it is entitled to a judgment of $406,183.48 instead of the $126,640.18 awarded. Torchlight Academy claims these additional issues are not separate issues on appeal, but alternative bases in the law that are proper for determination pursuant to Rules 10(c) and 28(c) of the North Carolina Rules of Appellate Procedure. We disagree.

The Rules of Appellate Procedure provide that, "[w]ithout taking an appeal, an appellee may present issues on appeal based

on any action or omission of the trial court that deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken." N.C.R. App. P. 28(c) (2014). In the present case, however, the issues raised by Torchlight Academy are not alternative bases in the law supporting the order and judgment, but distinct challenges to the trial court's order and judgment seeking affirmative relief. As such, the issues are not properly before this Court and we do not consider the arguments.

## III.  Conclusion

For the reasons discussed above and more fully explained in *Charter Day School, Inc. v. New Hanover County Bd. of Educ.*, _ N.C. App. _, _ S.E.2d _ (18 February 2014) (COA13-488), we hold the trial court erred in concluding Torchlight Academy was entitled to an additional share of the fund balance, over and above the share of the appropriated fund balance already paid by WCPSS.

Reversed.

Judges ELMORE and DAVIS concur.

Report per Rule 30(e).