WILLIAM WIKEL v. THE BOARD OF COMMISSIONERS OF
JACKSON COUNTY:

*Action for Mandamus—Repeal of Statute Pending Appeal—
Abatement—Right to Costs—Practice—Judicial Notice of
Statute.*

1. Where, pending an appeal from a judgment for plaintiff in an action
   for *mandamus* to compel the defendants, Board of County Commis-
   sioners, to build a bridge, the statute requiring the bridge to be
   built was repealed ; *Held,* that such repeal abated the action.

2. Where, pending an appeal, the subject matter of the action is destroyed
   or a Statute giving the cause of action is repealed, this court will
   not go into a consideration of the abstract question as to which
   party ought to have prevailed, in order to adjudicate the costs but
   the judgment below as to costs will be allowed to stand.

3. The courts will take judicial notice of a public statute.

CIVIL ACTION, for a *mandamus* to compel the defendants,
the Board of Commissioners of JACKSON county, to build a
bridge, heard before *Timberlake, J.,* at Spring Term, 1896,
of JACKSON Superior Court. A peremptory *mandamus*
was granted and defendants appealed.

*Messrs. Moore & Moore,* for defendants (appellants).
No counsel, *contra.*

CLARK, J.: This was an application for a *mandamus*
against the County Commissioners of Jackson county to
compel them to build a certain bridge over the Tuckaseegee
river and levy a tax for that purpose, as required by Chap-
ter 12, Acts 1895. The defendants filed a demurrer deny-
ing the power of the Legislature to enact such Statute. The
demurrer was overruled, and the defendants, not availing
themselves of the leave granted them to answer over, judg-
ment for a peremptory *mandamus* and for costs was given
against them, from which they appealed. Pending the

appeal to this court, the Legislature, by an Act ratified 6th March, 1897, repealed the aforesaid Chapter 12, Acts of 1895. This destroyed the cause of action and there only remains the judgment against the defendant for costs.

It has been repeatedly held that where, pending an appeal, the subject matter of an action, or the cause of action, is destroyed, in any manner whatever, this court will not go into a consideration of the abstract question which party should rightly have won, merely in order to adjudicate the costs, but the judgment below as to the costs will stand. *State* v. *Horne,* 119 N. C., 853; *Blount* v. *Simmons,* 119 N. C., 50. Here the demurrer raises grave questions of constitutional law, and the court will not consider and determine them after the cause of action has been destroyed. The court takes judicial notice without formal supplemental plea, of the repealing Statute, which is a public act. By the judgment below the plaintiff, who sued as a taxpayer, acquired no personal rights except as to the judgment for costs, and of that he could·not be deprived by the repealing Statute. *The Code,* Section 3764. The judgment for costs below is affirmed, and each party will pay his own costs in this court, as the repealing Statute was enacted before judgment here. Action abates.