BOOTH v. STATE

[227 N.C. App. 484 (2013)]

LEE FRANKLIN BOOTH, Plaintiff
v.
STATE OF NORTH CAROLINA, Defendant

No. COA13-2

Filed 4 June 2013

1. **Firearms and Other Weapons—North Carolina Felony Firearms Act—statutory construction—prohibition against possession of firearms—not applicable to pardoned individuals**

     The trial court did not err in a declaratory judgment action by determining that the North Carolina Felony Firearms Act prohibition under N.C.G.S. § 14-415.1(a) did not apply to plaintiff. The plain and unambiguous language of N.C.G.S. § 14-415.1(d) says that N.C.G.S. § 14-415.1 does not apply to individuals who have been pardoned pursuant to the law of the jurisdiction in which the conviction occurred. Although plaintiff had been convicted of felony kidnapping, he was thereafter conditionally pardoned by the governor of North Carolina.

2. **Firearms and Other Weapons—North Carolina Felony Firearms Act—constitutional challenge—not applicable**

     The trial court did not err by failing to determine that the North Carolina Felony Firearms Act under N.C.G.S. § 14-415.1 was unconstitutional as applied to plaintiff because it did not apply to him at all.

Appeal by defendant and plaintiff from order entered 27 September 2012 by Judge Robert F. Johnson in Superior Court, Wake County. Heard in the Court of Appeals 11 April 2013.

*Dan L. Hardway Law Office, by Dan L. Hardway, for plaintiff-appellee/cross-appellant.*

*Attorney General Roy A. Cooper, III, by Assistant Attorney General William P. Hart, Jr., for the State.*

STROUD, Judge.

The State of North Carolina appeals an order exempting plaintiff from the Felony Firearms Act due to plaintiff's pardon. For the following reasons, we affirm.

## I. Background

Plaintiff filed a complaint against the State of North Carolina requesting a declaratory judgment that the North Carolina Felony Firearms Act is "unconstitutional on its face and as applied to plaintiff under the provisions of the Constitutions of the United States and the State of North Carolina" and "compensatory damages for violation of his constitutional rights and for harm, loss and damage suffered" and that plaintiff is "exempt from operation of the Felony Firearms Act, due to the fact that he holds a Pardon of Forgiveness[.]" Plaintiff's complaint alleged that in 1981 plaintiff "pled guilty to one felony count of non-aggravated kidnaping[.]" Plaintiff was sentenced, served his time in prison, and was released on parole; plaintiff's parole was completed and terminated on 30 December 1985. On 5 January 2001, Governor James B. Hunt Jr. granted plaintiff a "Pardon of Forgiveness[.]" Plaintiff's pardon reads,

> NOW, THEREFORE, I, James B. Hunt Jr., Governor of the State of North Carolina, in consideration of the above factors, and by virtue of the power and authority vested in me by the Constitution of the State, do by these presents PARDON the said Lee Franklin Booth, it being a Pardon of Forgiveness, subject to the following conditions: that Lee Franklin Booth be of general good behavior and not commit any felony or misdemeanor other than a minor traffic offense and further upon the condition that this Pardon shall not apply to any other offense whereof the said party may be guilty.

Plaintiff also made detailed factual allegations regarding his behavior as an upstanding citizen since he completed his prison sentence and his employment and business ventures as "a professional engineer and an entrepreneur." In addition, plaintiff alleged that he has worked in businesses which provided "the overhaul and repair of high technology systems and components in the aerospace, space, maritime and weapons industries[,]" serving "commercial and military clients both domestic and foreign." "In 2007 plaintiff organized, and initially served as president of, a new business, Victory Arms, Inc., with a plan to design, develop and produce firearms[,]" but when he applied for a federal license to undertake this business, he learned "that the 2004 amendment to N.C. Gen. Stat. § 14-415.1 was being interpreted by the federal licensing authorities to prohibit issuing a license to the plaintiff or any company which employed plaintiff[,]" thus forcing plaintiff to resign from and have no interest in Victory Arms, Inc.

On 13 March 2012, the State answered plaintiff's complaint, admitting the material factual allegations regarding plaintiff's prior conviction and his pardon but denying many of plaintiff's other allegations for lack of "sufficient information and knowledge" including plaintiff's factual allegations regarding his conduct and loss of business opportunities based upon his inability to obtain a federal license or to own a firearm. The State also denied that plaintiff was entitled to his requested relief including a declaration that the Felony Firearms Act is unconstitutional on its face and as applied to plaintiff and allowing him to recover damages and that plaintiff is exempt from the Felony Firearms Act due to his Pardon of Forgiveness.

On 10 May 2012, plaintiff filed a "MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS" requesting that the trial court rule upon "only the issue of law on the question of whether the pardon of Plaintiff by Governor Hunt makes the application of N.C. Gen. Stat. § 14-415.1 to Plaintiff unconstitutional." On 27 September 2012, the trial court entered an order determining "that the Plaintiff's Motion for Partial Judgment on the Pleadings for declaratory relief on constitutional grounds as applied to the Plaintiff is DENIED" but "that the Plaintiff's Motion for Partial Judgment on the Pleadings exempting him from the operation of the Felony Firearms Act due to the fact that he holds a Pardon of Forgiveness is ALLOWED." The trial court also noted that the Felony Firearms Act "simply does not apply to the plaintiff" as he has received a pardon and thus "it is not necessary that the Court determine whether the Act is, as to this plaintiff, unconstitutional under an 'as applied' challenge." Although the order was addressing plaintiff's motion for partial judgment, the order actually disposed of the issues raised by plaintiff's complaint and is thus a final order. The State appeals from the trial court's determination that plaintiff's pardon exempts him from the Felony Firearms Act; plaintiff cross-appeals from the trial court's denial of his constitutional claim.

II. State's Appeal

[1] We will first address the State's appeal, which presents a question of the interpretation of the North Carolina Felony Firearms Act. The State argues that "the North Carolina Felony Firearms Act prohibition under N.C. Gen. Stat. § 14-415.1(a) applies to plaintiff by virtue of his 1981 felony kidnapping conviction in this State, notwithstanding the fact that plaintiff's conviction was thereafter conditionally pardoned by the governor of North Carolina."

**BOOTH v. STATE**

[227 N.C. App. 484 (2013)]

Questions of statutory interpretation are questions of law, which are reviewed *de novo* by an appellate court.

Legislative intent controls the meaning of a statute. To determine legislative intent, a court must analyze the statute as a whole, considering the chosen words themselves, the spirit of the act, and the objectives the statute seeks to accomplish. First among these considerations, however, is the plain meaning of the words chosen by the legislature; if they are clear and unambiguous within the context of the statute, they are to be given their plain and ordinary meanings. The Court's analysis therefore properly begins with the words themselves.

*Jenner v. Ecoplus, Inc.*, ___ N.C. App. ___, ___, 737 S.E.2d 121, 123-24 (2012) (citations and quotation marks omitted).

North Carolina General Statute § 14-415.1 provides in pertinent part,

(a)  It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction as defined in G.S. 14-288.8(c). . . .

. . . .

(d)  This section does not apply to a person who, pursuant to the law of the jurisdiction in which the conviction occurred, has been pardoned or has had his or her firearms rights restored if such restoration of rights could also be granted under North Carolina law.

N.C. Gen. Stat. § 14-415.1(a), (d) (2011).

The State's argument reviews hundreds of years of the development of the executive pardon, going back to English common law and providing a lengthy "[o]verview" of the history of pardons, examining the different types of pardons including conditional pardons, unconditional pardons, and pardons of innocence and the different ramifications of the different types of pardons. This discussion is informative and interesting but fails to address the plain language of the statute at issue. *See generally Jenner*, ___ N.C. App. at ___, 737 S.E.2d at 123-24. The State claims that the words of North Carolina General Statute § 14-415.1(d) are ambiguous so that we must seek the legislative intent behind it. As to North Carolina General Statue § 14-415.1(d) the State contends,

> The phrase "has been pardoned" as used in N.C. Gen. Stat. § 14-415.1(d) does not have a clear and unambiguous meaning. The phrase follows immediately after the introductory phrase "pursuant to the law of the jurisdiction in which the conviction occurred." This language limits the succeeding clauses, but the precise implication cannot be readily ascertained from the text of this provision alone.

The State then presents a lengthy discourse on federal law and the laws of other jurisdictions and concludes with a series of hypothetical applications of the statute at issue. But none of this changes the plain language of North Carolina General Statue § 14-415.1(d), and we can ascertain the meaning of the statute from the text alone.

The plain and unambiguous language of subsection (d) of North Carolina General Statute § 14-415.1 says that North Carolina General Statute § 14-415.1 does not apply to individuals who have been pardoned "pursuant to the law of the jurisdiction in which the conviction occurred[.]" N.C. Gen. Stat. § 14-415.1(d). It is true that there are different types of pardons, but the word "pardon" in North Carolina General Statute § 14-415.1(d) is not modified by any adjective or other descriptive phrase and thus includes all types of pardons, whether they are denominated as unconditional, conditional or of innocence. *See id.* We note that in various other statutes our legislature does specify that particular types of pardons have different consequences, but here the legislature chose not to modify the word "pardon" but instead spoke to pardons in general. *See, e.g.,* N.C. Gen. Stat. §§ 13-1 (noting conditional and unconditional pardons); 14-208.6(C) (recognizing the "unconditional pardon of innocence"). The only qualification pursuant to North Carolina General Statute § 14-415.1(d) is that the pardon must be issued pursuant to "the law of the jurisdiction in which the conviction occurred[.]" Here, both plaintiff's conviction and his pardon occurred in North Carolina. As the plain language of North Carolina General Statute § 14-415.1(d) states, "[t]his section does not apply to a person who, pursuant to the law of the jurisdiction in which the conviction occurred, has been pardoned[,]" N.C. Gen. Stat. § 14-415.1, and as plaintiff has been pardoned in North Carolina, which is the jurisdiction where his kidnapping conviction occurred, the trial court properly determined that North Carolina General Statute § 14-415.1 does not apply to plaintiff. This argument is overruled.

### III. Plaintiff's Appeal

[2] Plaintiff also appeals, contending that the trial court should have also allowed his motion to be granted as to North Carolina General Statute

**IN RE D.A.H.-C.**

[227 N.C. App. 489 (2013)]

§ 14-415.1(d) being unconstitutional as applied to plaintiff. North Carolina General Statute § 14-415.1(d) provides that "[t]his section *does not apply* to a person who, pursuant to the law of the jurisdiction in which the conviction occurred, *has been pardoned* or has had his or her firearms rights restored if such restoration of rights could also be granted under North Carolina law." (emphasis added.) We have already determined that the trial court properly ruled that North Carolina General Statute § 14-415.1 *does not apply* to plaintiff. Accordingly, North Carolina General Statute § 14-415.1 cannot be unconstitutional *as applied* to plaintiff, because it *does not apply* to him at all. The trial court correctly noted that pursuant to subsection (d) of North Carolina General Statute § 14-415.1 the statute does not apply to plaintiff and declined to address an as applied constitutional challenge.

IV. Conclusion

Since plaintiff has been pardoned, the trial court properly determined that North Carolina General Statute § 14-415.1(a) does not apply to him.

AFFIRMED.

Judges ELMORE and STEELMAN concur.