IN THE SUPREME COURT OF NORTH CAROLINA

No. 5PA12-2

FILED 8 NOVEMBER 2013

HOKE COUNTY BOARD OF EDUCATION; HALIFAX COUNTY BOARD OF EDUCATION; ROBESON COUNTY BOARD OF EDUCATION; CUMBERLAND COUNTY BOARD OF EDUCATION; VANCE COUNTY BOARD OF EDUCATION; RANDY L. HASTY, individually and as Guardian ad Litem of RANDELL B. HASTY; STEVEN R. SUNKEL, individually and as Guardian ad Litem of ANDREW J. SUNKEL; LIONEL WHIDBEE, individually and as Guardian ad Litem of JEREMY L. WHIDBEE; TYRONE T. WILLIAMS, individually and as Guardian ad Litem of TREVELYN L. WILLIAMS; D.E. LOCKLEAR, JR., individually and as Guardian ad Litem of JASON E. LOCKLEAR; ANGUS B. THOMPSON II, individually and as Guardian ad Litem of VANDALIAH J. THOMPSON; MARY ELIZABETH LOWERY, individually and as Guardian ad Litem of LANNIE RAE LOWERY; JENNIE G. PEARSON, individually and as Guardian ad Litem of SHARESE D. PEARSON; BENITA B. TIPTON, individually and as Guardian ad Litem of WHITNEY B. TIPTON; DANA HOLTON JENKINS, individually and as Guardian ad Litem of RACHEL M. JENKINS; and LEON R. ROBINSON, individually and as Guardian ad Litem of JUSTIN A. ROBINSON,
    Plaintiffs,
 and

CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, [1]
    Plaintiff-Intervenor,

 and

RAFAEL PENN; CLIFTON JONES, individually and as Guardian ad Litem of CLIFTON MATTHEW JONES; and DONNA JENKINS DAWSON, individually and as Guardian ad Litem of NEISHA SHEMAY DAWSON and TYLER ANTHONY HOUGH-JENKINS,
    Plaintiff-Intervenors,

   v.

STATE OF NORTH CAROLINA and STATE BOARD OF EDUCATION,
    Defendants,

 and

CHARLOTTE-MECKLENBURG BOARD OF EDUCATION,
    Realigned Defendant

---

[1] The trial court's order and Court of Appeals opinion refer instead to the Asheville City Board of Education, which was voluntarily dismissed from this action in May 2006.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision

of the Court of Appeals, ___ N.C. App. ___, 731 S.E.2d 691 (2012), affirming an order

entered by Judge Howard E. Manning, Jr. on 18 July 2011 in Superior Court, Wake

County.  Heard in the Supreme Court on 15 October 2013.

*Parker Poe Adams & Bernstein LLP, by Robert W. Spearman, Melanie Black Dubis, and Scott E. Bayzle, for plaintiff-appellees.*

*Tharrington Smith, L.L.P., by Deborah R. Stagner and Neal A. Ramee, for plaintiff-intervenor-appellee Charlotte-Mecklenburg Board of Education.*

*UNC Center for Civil Rights, by Mark Dorosin, for plaintiff-intervenor-appellees Penn, Jones, and Dawson.*

*Roy Cooper, Attorney General, by John F. Maddrey, Solicitor General, for defendant-appellant State of North Carolina.*

*Smith Moore Leatherwood LLP, by James G. Exum, Jr. and Matthew Nis Leerberg, for defendant-appellee State Board of Education.*

*Michael F. Easley, Governor of North Carolina, 2001-2009, amicus curiae.*

*Ann McColl, General Counsel, and Carrie B. Bumgardner and Jessica N. Holmes, Staff Attorneys, for North Carolina Association of Educators, amicus curiae.*

*Christine Bischoff and Carlene McNulty for North Carolina Justice Center; Lewis Pitts and Jason Langberg for Advocates for Children's Services of Legal Aid of North Carolina; Christopher Brook for American Civil Liberties Union of North Carolina Legal Foundation; Iris A. Sunshine for Children's Law Center of Central North Carolina; Jane Wettach for Children's Law Clinic at Duke Law School; Robert McCarter and Laurie Gallagher for Council for Children's Rights; John Rittelmeyer and Susan Pollitt for Disability Rights North Carolina; Scott Holmes for North Carolina Central University School of Law Civil Litigation Clinic; Gregory C. Malhoit for North Carolina Rural Education Working Group; Anita S. Earls and Clare Barnett for Southern*

*Coalition for Social Justice; and Mary Irvine for UNC Center on Poverty, Work and Opportunity, amici curiae.*

*Poyner Spruill LLP, by Robert F. Orr, Edwin M. Speas, Jr., and John W. O'Hale, for North Carolina School Boards Association and National School Boards Association; and Allison B. Schafer, General Counsel, for North Carolina School Boards Association, amici curiae.*

PER CURIAM.

In *Leandro v. State*, 346 N.C. 336, 488 S.E.2d 249 (1997) and *Hoke County Board of Education v. State*, 358 N.C. 605, 599 S.E.2d 365 (2004),[2] this Court first found and then reaffirmed that the Constitution of North Carolina guarantees "every child of this state an opportunity to receive a sound basic education in our public schools." 346 N.C. at 347, 488 S.E.2d at 255; *accord* 358 N.C. at 649, 599 S.E.2d at 397. Following our opinion in *Leandro*, the State created a prekindergarten program (formerly "More at Four") for at-risk four-year-old children. Plaintiffs brought the instant proceeding to challenge changes to this program made by the General Assembly in 2011. We conclude that subsequent legislation enacted in 2012 rendered this controversy moot.

The instant proceeding arose after the General Assembly instituted changes to North Carolina's prekindergarten program in the 2011 biennial budget law. *See* Current Operations and Capital Improvements Appropriations Act of 2011, ch. 145,

---

[2] We note that the media and public frequently refer to *Hoke County Board of Education v. State* as "*Leandro II.*"

sec. 10.7, 2011 N.C. Sess. Laws 253, 354-56. Plaintiffs filed a "Motion for Hearing on Curtailment of Pre-Kindergarten Services for At-Risk Children, Elimination of EOC Testing, and Defendants' Compliance with North Carolina's Constitutional Requirements," in essence seeking a judicial determination that the 2011 legislative changes failed to comply with the State's constitutional obligations recognized in *Leandro* and *Hoke County*. After a hearing, the trial court on 18 July 2011 entered a "Memorandum of Decision and Order re: Pre-Kindergarten Services for At-Risk Four Year Olds" (the "order"), finding that some of the changes violated the Constitution of North Carolina and mandating that the State "not deny any eligible at-risk four year old admission to the North Carolina Pre-Kindergarten Program."

In its order, the trial court faulted two of the changes made by the General Assembly to the prekindergarten program, finding that subsection 10.7(f), which purportedly capped the percentage of "at-risk" children permitted in the prekindergarten program, and subsection 10.7(h), which instituted a co-payment requirement for certain students enrolled in the program, were unconstitutional. The State appealed the trial court's order to the Court of Appeals. However, approximately one year after the trial court issued its order and while the appeal was pending, the General Assembly amended the challenged statutory provisions. *See* Act of June 5, 2012, ch. 13, sec. 2, 2011 N.C. Sess. Laws 65, 65-66 (Reg. Sess. 2012). These amendments substantially altered the language of subsection 10.7(f) and repealed subsection 10.7(h). *Id.* Thereafter, the Court of Appeals affirmed the trial

court in part and dismissed the appeal in part. *Hoke Cnty. Bd. of Educ. v. State*, ___ N.C. App. ___, 731 S.E.2d 691 (2012). This Court allowed the State's Petition for Discretionary Review.

We now consider whether this appeal is moot as a result of these most recent amendments. "Whenever, during the course of litigation it develops that . . . the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978) (citations omitted), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297, 99 S. Ct. 2859 (1979). This Court consistently has "refused to consider an appeal raising grave questions of constitutional law where, pending the appeal to it, the cause of action had been destroyed so that the questions had become moot." *Benvenue PTA v. Nash Cnty. Bd. of Educ.*, 275 N.C. 675, 680, 170 S.E.2d 473, 477 (1969) (citing *Wikel v. Bd. of Comm'rs of Jackson Cnty.*, 120 N.C. 311, 120 N.C. 451, 27 S.E. 117 (1897)). When, as here, the General Assembly revises a statute in a "material and substantial" manner, with the intent "to get rid of a law of dubious constitutionality," the question of the act's constitutionality becomes moot. *State v. McCluney*, 280 N.C. 404, 405-07, 185 S.E.2d 870, 871-72 (1972) (action challenging state obscenity statute under United States Supreme Court precedent held moot after General Assembly repealed and replaced statute). "The court takes judicial notice [of intervening legislation] without formal supplemental plea . . . ." *Wikel*, 120 N.C. at 312, 120 N.C.

at 452, 27 S.E. at 117. Once the issues on appeal become moot, the appropriate disposition is to dismiss the appeal *ex mero motu* and to vacate the decision of the Court of Appeals. *See, e.g.*, *Messer v. Town of Chapel Hill*, 346 N.C. 259, 261, 485 S.E.2d 269, 270 (1997) (per curiam) (citing *State ex rel. Utils. Comm'n v. S. Bell Tel. & Tel. Co.*, 289 N.C. 286, 290, 221 S.E.2d 322, 324-25 (1976)).

The 2012 amendments enacted by the General Assembly in the wake of the trial court's order are readily comparable to the intervening legislation in *McCluney*. The repeal of subsection 10.7(h) and the alteration of subsection 10.7(f) constitute "material and substantial" changes to the provisions that the trial court found unconstitutional. *See McCluney*, 280 N.C. at 405, 185 S.E.2d at 871. Accordingly, we conclude that the questions originally in controversy between the parties are no longer at issue and that this appeal is moot. We express no opinion on the legislation now in effect because questions of its constitutionality are not before us. *Id.* at 407, 185 S.E.2d at 872. Our mandates in *Leandro* and *Hoke County* remain in full force and effect.

We dismiss this appeal as moot *ex mero motu* and vacate the opinion of the Court of Appeals. This case is remanded to the Court of Appeals with instructions to vacate the 18 July 2011 order of Superior Court, Wake County.

APPEAL DISMISSED AS MOOT; COURT OF APPEALS OPINION VACATED; AND REMANDED.