TYSON, Judge.
 

 *377
 
 Lee Franklin Booth ("Plaintiff") appeals from order granting summary judgment in favor of the State of North Carolina ("Defendant"). We affirm.
 

 I. Factual and Procedural Background
 

 In September 1981, Plaintiff pleaded guilty to one count of non-aggravated kidnapping. Plaintiff's crime did not involve the use of a
 
 *378
 
 firearm. Plaintiff served a twenty-six-month term of imprisonment and was released from parole on 30 December 1985.
 

 At the time Plaintiff was released from incarceration,
 
 N.C. Gen. Stat. § 14415.1
 
 , the North Carolina Felony Firearms Act ("the NC FFA"), only prohibited the possession of "any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches" by persons convicted of certain felonies, mostly of a violent or rebellious nature, "within five years from the date of such conviction, or unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later." Act of June 26, 1975, ch. 870, sec. 1,
 
 1975 N.C. Sess. Laws 1273
 
 .
 

 *90
 
 Plaintiff's right to possess a firearm was fully restored on 30 December 1990, by virtue of the version of the NC FFA in effect at the time. On 5 January 2001, North Carolina Governor Hunt granted Plaintiff a Pardon of Forgiveness, subject to the conditions that Plaintiff "be of general good behavior and not commit any felony or misdemeanor other than a minor traffic offense and further upon the condition that this Pardon shall not apply to any other offense whereof the said party may be guilty."
 

 The General Assembly subsequently amended the NC FFA in 2004 to prohibit the possession of
 
 all
 
 firearms by
 
 any
 
 person convicted of a felony, without regard to the date of conviction or the completion of the defendant's sentence, including while located within his or her own home and place of business. Act of July 15, 2004, ch. 186, sec. 14.1,
 
 2004 N.C. Sess. Laws 716
 
 , 737. The 2004 amendment did not provide for any exceptions for individuals, such as Plaintiff, who previously had their right to possess firearms fully restored or who had been pardoned.
 

 The General Assembly amended the NC FFA once again in 2010, effective 1 February 2011. The 2011 amendment provided for an exception to the application of the NC FFA under subsection (d): "This section does not apply to a person who, pursuant to the law of the jurisdiction in which the conviction occurred, has been pardoned or has had his or her firearms rights restored if such restoration of rights could also be granted under North Carolina law." N.C. Gen.Stat. § 14-415.1(d) (2013).
 

 On 6 January 2012, Plaintiff filed a complaint against only the State of North Carolina under the Declaratory Judgment Act, and failed to name any individual defendants. N.C. Gen.Stat. §§ 1-253
 
 et seq.
 
 He requested the following relief: (1) declaratory judgment that the NC FFA "is unconstitutional on its face and as applied to [P]laintiff under the provisions of the Constitutions of the United States and the State of North Carolina
 
 *379
 
 and, consequently, had no effect at any time upon [P]laintiff's rights to keep and bear a legal firearm;" (2) declaratory judgment stating Plaintiff was exempt from the NC FFA "due to the fact that he holds a Pardon of Forgiveness for the only possible predicate offense;" (3) compensatory damages "for violation of his constitutional rights and for harm, loss and damage suffered;" and (4) costs and attorney's fees.
 

 Plaintiff included numerous factual allegations regarding his behavior as an upstanding citizen since his release from incarceration. Plaintiff detailed his employment history as a "professional engineer and an entrepreneur." He provided certain services through his employment, which included "the overhaul and repair of high technology systems and components in the aerospace, space, maritime, and weapons industries[,]" serving "commercial and military clients both domestic and foreign."
 

 Plaintiff stated in 2007, he "organized, and initially served as president of, a new business, Victory Arms, Inc., with a plan to design, develop and produce firearms." Plaintiff contended "[u]pon applying for a federal license to undertake such manufacturing, [he] discovered that the 2004 amendment to N.C. Gen.Stat. § 14-415.1 was being interpreted by the federal licensing authorities to prohibit issuing a license to [him]." Plaintiff subsequently resigned as president of the corporation and alleged he "has been prevented from being employed by, or obtaining any ownership interest in, Victory Arms, Inc." as a result of his inability to acquire a federal license.
 

 Plaintiff averred he dispossessed himself of any and all firearms in order to comply with the NC FFA. Plaintiff alleged he
 

 suffered, and continues to suffer significant harm, including, but not limited to, loss of property, loss of freedom, loss of use of property, loss of a business, business opportunities, investment and business income, loss of the exercise of his constitutional rights, loss of security and the ability to protect himself and his family in his home and place of business, psychological and emotional stress and other serious and significant damage.
 

 On 10 May 2012, Plaintiff filed a motion for partial judgment on the pleadings under
 
 *91
 
 N.C. Gen.Stat. § 1A-1, Rule 12(c) (2013), in which he requested the trial court rule upon "the issue of the legal effect of the Pardon of Forgiveness granted to Plaintiff[.]" The trial court entered an order allowing Plaintiff's motion for partial judgment on the pleadings on 27 September 2013. The order stated, in part:
 

 *380
 
 Given that the plaintiff had received his pardon from the governor of North Carolina ... the Felony Firearms Act as amended simply
 
 does not apply
 
 to the plaintiff and thus cannot bar him from either possessing or bearing arms. Under this analysis, it is not necessary that the Court determine whether the Act is, as to this plaintiff, unconstitutional under an "
 
 as applied
 
 " challenge.
 

 (emphasis supplied and in original).
 

 The State appealed the trial court's order. Plaintiff cross-appealed, contending the trial court should have also allowed his motion to be granted as to his constitutional "as applied" challenge to N.C. Gen.Stat. § 14-415.1.
 

 This Court issued an opinion affirming the trial court's order on 4 June 2013.
 
 Booth v. State (Booth I),
 

 227 N.C.App. 484
 
 ,
 
 742 S.E.2d 637
 
 (2013). This Court declined to address Plaintiff's constitutional argument, stating " North Carolina General Statute § 14-415.1 cannot be unconstitutional
 
 as applied
 
 to plaintiff, because it
 
 does not apply
 
 to him at all."
 
 Id.
 
 at 489,
 
 742 S.E.2d at 640
 
 (emphasis in original).
 

 Our Supreme Court denied Defendant's petitions for discretionary review and writ of supersedeas by order entered 29 August 2013.
 
 Booth v. State,
 

 367 N.C. 224
 
 ,
 
 747 S.E.2d 525
 
 (2013). The trial court entered an order on remand on 13 December 2013, which restored Plaintiff's right to possess firearms.
 

 Defendant filed a motion for summary judgment for all remaining claims. The trial court entered a written order granting summary judgment in favor of Defendant on 12 February 2015. Plaintiff gave timely notice of appeal to this Court.
 

 II. Issues
 

 Plaintiff argues the trial court erred by granting summary judgment in favor of Defendant the State of North Carolina because: (1) doing so effectively violated Plaintiff's right to seek redress of grievances; (2) material issues of fact were in dispute regarding the violation of Plaintiff's constitutional rights between 1 December 2004 and 13 December 2013; and (3) material issues of fact were in dispute of whether Plaintiff was entitled to recover damages, if it was found that his constitutional rights were violated between 1 December 2004 and 13 December 2013.
 

 *381
 

 III. Standard of Review
 

 Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen.Stat. § 1A-1, Rule 56(c) (2013) ;
 
 see
 

 Draughon v. Harnett Cnty. Bd. of Educ.,
 

 158 N.C.App. 208
 
 , 212,
 
 580 S.E.2d 732
 
 , 735 (2003) (citation and internal quotation marks omitted),
 
 aff'd per curiam,
 

 358 N.C. 131
 
 ,
 
 591 S.E.2d 521
 
 (2004).
 

 "In a motion for summary judgment, the evidence presented to the trial court must be ... viewed in a light most favorable to the non-moving party."
 
 Howerton v. Arai Helmet, Ltd.,
 

 358 N.C. 440
 
 , 467,
 
 597 S.E.2d 674
 
 , 692 (2004) (citation omitted).
 

 An issue is "genuine" if it can be proven by substantial evidence and a fact is "material" if it would constitute or irrevocably establish any material element of a claim or a defense.
 

 A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. Generally this means that on undisputed aspects of the opposing evidential forecast, where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. If the moving
 
 *92
 
 party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so.
 

 Lowe v. Bradford,
 

 305 N.C. 366
 
 , 369,
 
 289 S.E.2d 363
 
 , 366 (1982) (citations and internal quotation marks omitted). This Court reviews an order granting summary judgment
 
 de novo.
 

 In re Will of Jones,
 

 362 N.C. 569
 
 , 573,
 
 669 S.E.2d 572
 
 , 576 (2008).
 

 IV. Analysis
 

 A. Plaintiff's Right to Seek Redress
 

 Plaintiff argues he was denied his state and federal constitutional rights to seek redress of grievances by the trial court's 12 February
 
 *382
 
 2015 order. Plaintiff contends his constitutional claims have "yet to be addressed by any court." This argument is without merit.
 

 Plaintiff has not been precluded from filing his complaint in this action. Plaintiff's motion for partial judgment on the pleadings was not only heard by the trial court, but Plaintiff was afforded the declaratory relief he sought. This Court fully addressed Plaintiff's complaint in
 
 Booth I,
 
 and Plaintiff filed a conditional petition for discretionary review with our Supreme Court. Plaintiff also participated in the 20 January 2015 hearing on Defendant's motion for summary judgment. Plaintiff has been allowed access to the courts at every juncture in this action.
 

 In
 
 Booth I,
 
 this Court noted "[a]lthough the [27 September 2012] order was addressing plaintiff's motion for partial judgment, the order actually disposed of the issues raised by plaintiff's complaint and is thus a final order."
 
 Booth I,
 

 227 N.C.App. at 486
 
 ,
 
 742 S.E.2d at 638
 
 . The trial court and this Court in
 
 Booth I
 
 deemed it unnecessary to render a determination on the constitutionality of the NC FFA as applied to Plaintiff, in light of both courts' express declaration and judgment that the statute in question did not apply to Plaintiff by virtue of his pardon.
 
 See
 

 State v. Jones,
 

 242 N.C. 563
 
 , 564,
 
 89 S.E.2d 129
 
 , 130 (1955) ("[A]ppellate courts will not pass upon constitutional questions, even when properly presented, if there be also present some other ground upon which the case may be decided.") (citations omitted).
 

 Plaintiff's right to seek redress of grievances does not entitle him to compel a ruling by the courts on each and every claim he sets forth, particularly when a court's determination on one issue renders another issue moot or unnecessary. Plaintiff has not been denied access to the courts and received the declaratory relief he sought. This argument is overruled.
 

 B. Genuine Issues of Material Fact
 

 Plaintiff argues the trial court erred by granting summary judgment in favor of Defendant. He contends genuine issues of material fact exist of: (1) whether he was deprived of his constitutional right to bear arms from 2004 to 2013; and (2) whether he is entitled to damages, if it is determined his constitutional rights were violated. We disagree.
 

 The Declaratory Judgment Act provides: "Any person ... whose rights, status or other legal relations are affected by a statute ... may have determined
 
 any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status, or other legal relations thereunder.
 
 " N.C. Gen.Stat. § 1-254 (2013) (emphasis
 
 *383
 
 supplied). "[J]urisdiction under the Declaratory Judgment Act may be invoked only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute."
 
 State ex rel. Edmisten v. Tucker,
 

 312 N.C. 326
 
 , 338,
 
 323 S.E.2d 294
 
 , 303 (1984) (citations omitted).
 

 [A]ctions filed under the Declaratory Judgment Act ... are subject to traditional mootness analysis. A case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. Typically, courts will not entertain such cases because it is not the responsibility to decide abstract propositions of law.
 

 Hindman v. Appalachian State Univ.,
 

 219 N.C.App. 527
 
 , 530,
 
 723 S.E.2d 579
 
 , 581 (2012) (citation and internal quotation marks omitted);
 
 see
 

 *93
 

 Hoke Cnty. Bd. of Educ. v. State,
 

 367 N.C. 156
 
 , 159,
 
 749 S.E.2d 451
 
 , 454 (2013) ( "This Court consistently has refused to consider an appeal raising grave questions of constitutional law where, pending the appeal to it, the cause of action had been destroyed so that the questions had become moot.") (citation and internal quotation marks omitted);
 
 Morris v. Morris,
 

 245 N.C. 30
 
 , 36,
 
 95 S.E.2d 110
 
 , 114 (1956) (holding "a moot question is not within the scope of our Declaratory Judgments Act").
 

 The trial court's 27 September 2012 order, affirmed by this Court in
 
 Booth I,
 
 determined the current version of N.C. Gen.Stat. § 14-415.1, which has been in effect since Plaintiff commenced this action, does not apply to Plaintiff. The trial court entered an order on remand in accord with
 
 Booth I
 
 on 13 December 2013, which fully affirmed Plaintiff's right to "purchase, own, possess, or have in his custody, care or control any firearm" because of his exemption from the NC FFA by virtue of his pardon. No "real or existing controversy" remained upon entry of this order.
 
 Tucker,
 

 312 N.C. at 338
 
 ,
 
 323 S.E.2d at
 
 303 ;
 
 see
 

 Hoke Cnty. Bd. of Educ.,
 

 367 N.C. at 159
 
 ,
 
 749 S.E.2d at 454
 
 ("When, as here, the General Assembly revises a statute in a material and substantial manner, with the intent to get rid of a law of dubious constitutionality, the question of the act's constitutionality becomes moot.") (citations and internal quotation marks omitted).
 

 The law of this case has been adjudicated and declared. Plaintiff retains his right to bear arms and the NC FFA does not apply to him at this time. The trial court's 13 December 2013 order on remand effectively disposed of the remaining issues Plaintiff raised. No additional declaratory relief is available to Plaintiff at this time.
 

 *384
 
 We hold Plaintiff has received the declaratory relief he sought and to which he is entitled. We decline to reach Plaintiff's constitutional question in this appeal.
 

 It is well established [sic] that appellate courts will not pass upon constitutional questions, even when properly presented if there is some other ground upon which the case can be decided, since the authority of the court to declare an act of the Legislature in conflict with the Constitution arises out of and as an incident of its duty to determine and adjudge the rights of parties to the litigation before it.
 

 State v. Crabtree,
 

 286 N.C. 541
 
 , 543,
 
 212 S.E.2d 103
 
 , 105 (1975) (citations omitted);
 
 see also
 

 State v. Lewis,
 

 365 N.C. 488
 
 , 499,
 
 724 S.E.2d 492
 
 , 497-98 (2012) ;
 
 State v. Whaley,
 

 362 N.C. 156
 
 , 161,
 
 655 S.E.2d 388
 
 , 391 (2008) ;
 
 State v. Jones,
 

 296 N.C. 495
 
 , 503,
 
 251 S.E.2d 425
 
 , 430 (1979).
 

 Our decision does not foreclose Plaintiff's ability to file an action, in which he asserts claims against a state official or agency, in order to seek redress for his alleged constitutional violations.
 

 V. Conclusion
 

 Plaintiff's right to seek redress of his grievances was not violated or impaired. Plaintiff obtained the declaratory relief to which he is entitled upon the trial court's entry of its 13 December 2013 order. The law of this action has been adjudicated and declared. Under the applicable standard of review, the trial court did not err by granting summary judgment in favor of Defendant. The judgment appealed from is affirmed.
 

 AFFIRMED.
 

 Judges STROUD and DIETZ concur.