IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-52

No. COA 21-77

Filed 1 February 2022

Wake County, No. 19 CVS 11321

KELLY ALEXANDER, Jr., DONALD R. CURETON, Jr., ALICIA D. BROOKS, KIMBERLY Y. BEST, LAURENE L. CALLENDER, and LATRICIA H. WARD, Plaintiffs,

v.

NORTH CAROLINA STATE BOARD OF ELECTIONS, STELLA ANDERSON, JEFF CARMON III, STACY EGGERS IV, WYATT T. TUCKER, Sr., DAMON CIRCOSTA, KAREN BRINSON BELL, PHILLIP E. BERGER, and TIMOTHY K. MOORE (all in official capacities only), Defendants.

Appeals by plaintiffs from order entered 25 September 2020 and by defendants from order entered 23 November 2020 by Judges Wayland J. Sermons, Jr., Lora C. Cubbage, and R. Gregory Horne in Wake County Superior Court. Heard in the Court of Appeals 3 November 2021.

> *Higgins Benjamin, PLLC, by Robert Neal Hunter, Jr., for Plaintiffs.*
>
> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Paul M. Cox, for State Board Defendants.*
>
> *Ogletree Deakins Nash Smoak & Stewart P.C., by Thomas A. Farr, for Legislative Defendants.*

CARPENTER, Judge.

Kelly Alexander, *et al*., ("Plaintiffs") appeal pursuant to N.C. Gen. Stat. § 7A-

27 from an order of a three-judge panel in Wake County Superior Court dismissing Plaintiffs' claims as moot. On appeal, Plaintiffs argue their claims are not moot or, in the alternative, that their claims fall into the public interest and "capable of repetition, yet evading review" exceptions to mootness. The North Carolina State Board of Elections, *et al.*, ("Defendants") appeal pursuant to N.C. Gen. Stat. § 7A-27(b)(3)(c) (2019) from an order granting Plaintiffs attorney's fees. On appeal, Defendants argue the three-judge panel did not have jurisdiction to grant the award or, in the alternative, that Plaintiffs do not qualify as a prevailing party under 42 U.S.C. § 1988. After careful review, we affirm the three-judge panel's dismissal of Plaintiffs' claims as moot and hold the claims do not meet any exceptions to the mootness doctrine. We agree with Defendants' contention the three-judge panel lacked jurisdiction to grant Plaintiffs' request for attorney's fees, and we vacate and remand this order.

## I. Factual and Procedural Background

¶ 2        In 2018, the North Carolina General Assembly enacted a law that converted district court judicial elections in Mecklenburg County from countywide to district-based elections. *See* S.L. 2018-14 § 2(a). The law divided Mecklenburg County into eight districts, and the county's twenty-one district court seats were allocated amongst these eight electoral districts. *Id.* Previously, all twenty-one seats were filled through a single countywide election. The law also divided Wake County into

districts for district court judicial elections; however, no challenge was raised to that portion of the law.

¶ 3 Plaintiffs, at time of filing, were: two district court judges, a former district court judge, a member of the General Assembly, and two voters. All Plaintiffs resided in Mecklenburg County. The complaint named as defendants the Governor of North Carolina ("Governor"), the North Carolina State Board of Elections and its appointed members, the Speaker of the North Carolina House of Representatives, and the President Pro Tempore of the North Carolina Senate (collectively, "Defendants"). The Governor and Defendants moved to dismiss the claims against them. The trial court granted the Governor's motion to dismiss and denied Defendants' motions in an order entered on 18 November 2019. The trial court's order also transferred the case to a three-judge panel in Wake County Superior Court pursuant to N.C. Gen. Stat. § 1-267.1 and Rule 42(b)(4) of the North Carolina Rules of Civil Procedure.[1]

¶ 4 On 20 November 2019, Plaintiffs moved for a temporary restraining order seeking to enjoin operation of S.L. 2018-14 § 2(a) during candidate filing, set to begin on 2 December 2019, in anticipation of the 2020 general election. The three-judge panel held a hearing on Plaintiffs' motion on 22 November 2019. Following the

---

[1] When a trial court transfers a facial challenge raised as to the validity of a statute to a three-judge panel sitting in Wake County Superior Court, the trial court retains jurisdiction of all other collateral matters pending resolution of the facial challenge. *See* N.C. R. Civ. P. 42(b)(4) (2019).

hearing, the parties entered an agreement to temporarily suspend the operation of the law during the 2020 general election cycle, and the three-judge panel entered a consent order formalizing the agreement on 27 November 2019.

¶ 5 On 1 July 2020, the General Assembly repealed the challenged law. *See* S.L. 2020-84, § 2. In response, on 13 July 2020, the three-judge panel ordered the parties to submit briefs detailing what issues, if any, remained in the matter. On 11 August 2020, Plaintiffs moved for summary judgment, seeking a declaratory judgment stating the repealed law had been unlawful. On 21 August 2020, Plaintiffs moved to tax costs and fees against Defendants. Defendants submitted briefs arguing Plaintiffs' claims were moot. On 25 September 2020, the three-judge panel entered an order denying the motion for declaratory judgment and dismissing Plaintiffs' claims as moot but reserving the issue of attorney's fees. Plaintiffs filed written notice of appeal on 23 October 2020. On 23 November 2020, the three-judge panel entered an order granting Plaintiffs' motion for attorney's fees and costs in the amount of $165,114.44. Defendants filed notice of appeal.

## II. Jurisdiction

¶ 6 Plaintiffs appeal from a final order dismissing their claims as moot pursuant to N.C. Gen. Stat. § 7A-27 (2019). Defendants appeal from an order awarding attorney's fees, pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2019) or, in the alternative, N.C. Gen. Stat. § 7A-27(b)(3)(c).

¶ 7 Plaintiffs argue the three-judge panel's order awarding attorney's fees is interlocutory and does not affect a substantial right, thereby rendering Defendants' appeal improper. Defendants argue the order granting attorney's fees is final, as it resolved the only outstanding matter left in the case or, alternatively, if held to be interlocutory, the order affects a substantial right. We disagree with Plaintiffs and find the order is not interlocutory having resolved the issue of attorney's fees, the sole remaining issue between the parties. We therefore deny Plaintiffs' motion to dismiss Defendants' cross appeal.

¶ 8 An order is interlocutory if it does not determine the issues but directs some further proceeding preliminary to a final decree. *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978). Moreover, "an order that completely decides the merits of an action constitutes a final judgment for purposes of appeal even when the trial court reserves for later determination collateral issues such as attorney's fees and costs." *In re Cranor*, 247 N.C. App. 565, 568-69, 786 S.E.2d 379, 382 (2016) (quoting *Duncan v. Duncan*, 366 N.C. 544, 546, 742 S.E.2d 799, 801 (2013)).

¶ 9 The three-judge panel's 25 September 2020 order reserved the issue of attorney's fees and determined all other matters were moot. By making a final determination on the merits of the case on 25 September 2020, the three-judge panel entered a final judgment. *See In re Cranor*, 247 N.C. App. at 568-69, 786 S.E.2d at

382. Reserving a collateral issue, such as attorney's fees, for a later determination does not affect the finality of the judgment on the merits. *See id.* at 568-69, 786 S.E.2d at 382. The issue of attorney's fees was the only issue outstanding after the 25 September 2020 order was entered. The three-judge panel's grant of Plaintiffs' motion for attorney's fees was not an interlocutory order, as no issue was left to be determined by further proceedings. *See Waters*, 294 N.C. at 207, 240 S.E.2d at 343. As the sole remaining issue, the panel's determination on attorney's fees left nothing else to be determined. As such, the order is not interlocutory, and is therefore appealable as a final order pursuant to N.C. Gen. Stat. § 7A-27.

### III. Issues

The issues on appeal are whether the three-judge panel erred by: (1) dismissing Plaintiffs' claims as moot, and (2) awarding Plaintiffs attorney's fees.

### IV. Standard of Review

The issue of whether a trial court properly dismissed a case as moot is reviewed *de novo*. *Cumberland Cnty. Hosp. Sys., Inc. v. N.C. Dep't of Health & Human Servs.*, 242 N.C. App. 524, 528, 776 S.E.2d 329, 332 (2015). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal quotation marks and citation omitted). Likewise, we review the award of attorney's fees *de novo*. *Free Spirit Aviation, Inc. v. Rutherford Airport*

*Auth.*, 206 N.C. App. 192, 201, 696 S.E.2d 559, 566 (2010).

## V. Analysis

### A. Mootness

Plaintiffs argue the three-judge panel erred by dismissing their claims, as the claims were not moot or were within an exception to the mootness doctrine. For the following reasons, we disagree with Plaintiffs' contention their claims were not moot or were excepted from the bar of the mootness doctrine.

"That a court will not decide a 'moot' case is recognized in virtually every American jurisdiction." *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978).

> Whenever, during the course of litigation . . . the relief sought has been granted or . . . questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*Id.* at 147, 250 S.E.2d at 912.

Under North Carolina law, mootness is not a matter of jurisdiction, but is instead a "prudential limitation on judicial power." *Comm. to Elect Dan Forest v. Emps. Pol. Action Comm.*, 376 N.C. 558, 2021-NCSC-6, ¶ 29. In other words, it is "a form of judicial restraint." *Id.* at ¶ 65 n.39 (quoting *Peoples*, 296 N.C. at 147, 250 S.E.2d at 912). Our Supreme Court "consistently has refused to consider an appeal raising grave questions of constitutional law where . . . the cause of action had been

destroyed so that the questions become moot." *Hoke Cty. Bd. of Educ. v. State*, 367 N.C. 156, 159, 749 S.E.2d 451, 454 (2013) (internal quotations omitted). Specifically, when "the General Assembly revises a statute in a material and substantial manner, with the intent to get rid of a law of dubious constitutionality, the question of the act's constitutionality becomes moot." *Id.* at 159, 749 S.E.2d at 454 (internal quotations omitted).

There are, however, limited exceptions to the mootness doctrine. "Even if moot . . . this Court may, if it chooses, consider a question that involves a matter of public interest, is of general importance and deserves prompt resolution." *N.C. State Bar v. Randolph*, 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). In addition, a court may proceed under the "capable of repetition, yet evading review" exception. *Calabria v. N.C. State Bd. of Elections*, 198 N.C. App. 550, 555-56, 680 S.E.2d 738, 744 (2009).

> Two elements are required for the capable of repetition, yet evading review" exception to the mootness doctrine to apply: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again.

*Id.* at 555-56, 680 S.E.2d at 744 (internal citations and quotations omitted).

Here, the original question in controversy, whether the judicial districts in Mecklenburg County were constitutional, was addressed when the General Assembly repealed that portion of the law and reverted to countywide elections in Mecklenburg

County. *See* S.L. 2020-84, § 2. Likewise, Plaintiffs' request for dissolution of the judicial districts was also granted by the repeal. *See id.* Plaintiffs' argument that declaratory relief should be granted to put the General Assembly on notice is unpersuasive considering precedent clearly states the actions taken by the General Assembly render discussion of the repealed law's constitutionality moot. *See Hoke*, 367 N.C. at 159, 749 S.E.2d at 454. Therefore, the three-judge panel properly found Plaintiffs' claims to be moot.

¶ 17 Plaintiffs further contend that even if the claims are moot, this Court should reverse the three-judge panel's order because their claims fall within the public interest and "capable of repetition, yet evading review" exceptions to the mootness doctrine.

¶ 18 First, Plaintiffs argue the public interest exception applies because voter laws are important to the North Carolina public and have been litigated several times in recent years. Plaintiffs primarily rely on the reasoning of *Chavez v. McFadden*, a case decided by the North Carolina Supreme Court where the Court held the public interest exception was applicable, in part, because immigration laws had "become the subject of much debate in North Carolina in recent years." *Chavez v. McFadden*, 374 N.C. 458, 468, 843 S.E.2d 139, 147 (2020). In *Chavez*, however, the parties all agreed the issue was moot by virtue of the petitioners' transfer from state law enforcement to federal immigration custody enforcement. *Id.* at 468, 843 S.E.2d at 147. Although

no relief could be provided for either petitioner, the Court reasoned there was a dire public interest because the policies underlying the controversy were still in effect, more individuals would be subjected to the same conditions as petitioners, and immigration laws were a hotly discussed subject at the time. *Id.* at 468, 843 S.E.2d at 147. As such, the Court in *Chavez* held that, due to public interest, it would address the ongoing debate surrounding the policies. *Id.* at 468, 843 S.E.2d at 147.

¶ 19    Presently, however, there is no underlying controversy between Plaintiffs and Defendants and no risk of further claims arising as the law in question has been repealed. *See* S.L. 2020-84, § 2. *See also Cape Fear River Watch v. N.C. Envtl, Mgmt. Comm'n*, 368 N.C. 92, 100, 772 S.E.2d 445, 450. Moreover, even where there may be grave issues of constitutional concern, this Court will not except a case from the mootness doctrine solely to render an advisory opinion. *See Hoke*, 367 N.C. at 159, 749 S.E.2d at 454. This is particularly the case where the General Assembly has acted to address those constitutional concerns. *Id.* at 159, 749 S.E.2d at 454. Therefore, we decline to address Plaintiffs' claims under the public interest exception.

¶ 20    Plaintiffs next argue the "capable of repetition, yet evading review" exception applies to their claims, despite conceding they may not "technically meet the standards" of this exception. In order to meet this exception, Plaintiffs must show the duration of litigation was too short to be fully litigated, and there is a reasonable expectation the same complaining party will be subjected to the same action again.

*See Calabria*, 198 N.C. App. at 555-56, 680 S.E.2d at 744.  Here, regardless of the duration of litigation, there is no reasonable expectation the same complaining party will be subjected to the same action because the law has been repealed, and the judicial districts have been completely dissolved.  *See* S.L. 2020-84, § 2; *see also Calabria*, 198 N.C. App. at 557, 680 S.E.2d at 745 (holding legislative changes to the underlying applicable law rendered the possibility of repetition outside of a reasonable expectation and found the "capable of repetition, yet evading review" exception inapplicable).  Although judicial districts exist in other jurisdictions, Plaintiffs are all located in Mecklenburg County, and Plaintiffs' claims relate only to judicial districts in Mecklenburg County.  Therefore, we find the "capable of repetition, yet evading review" exception to the mootness doctrine inapplicable.

The three-judge panel properly found Plaintiffs' claims to be moot, as the General Assembly repealed the Mecklenburg County judicial districts.  The three-judge panel also properly found no exception to the mootness doctrine.  Therefore, we affirm the three-judge panel's dismissal of Plaintiffs' claims as moot.

### B.  Attorney's Fees

Defendants argue the three-judge panel erred when it awarded Plaintiffs attorney's fees and costs associated with litigation because the three-judge panel lacked jurisdiction to enter the award or, alternatively, Plaintiffs were not entitled to attorney's fees.  We agree with Defendants' contention the three-judge panel lacked

jurisdiction to enter the award. As such, we do not reach the issue of whether Plaintiffs would have been entitled to attorney's fees had jurisdiction been proper.

¶ 23    North Carolina law provides, "any facial challenge to the validity of an act of the General Assembly shall be transferred pursuant to [N.C. Gen. Stat. §] 1A-1, Rule 42(b)(4), to the Superior Court of Wake County and shall be heard and determined by a three-judge panel." N.C. Gen. Stat. § 1-267.1(a)(1) (2019). Rule 42(b)(4) states in relevant part,

> [p]ursuant to [N.C. Gen. Stat. §] 1-267.1, any facial challenge to the validity of an act of the General Assembly . . . shall be heard by a three-judge panel in the Superior Court of Wake County . . . [t]he court in which the action originated shall maintain jurisdiction over all matters other than the challenge to the act's facial validity.

N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) (2019).

¶ 24    Once the facial challenge is transferred,

> [t]he original court shall stay all matters that are contingent upon the outcome of the challenge to the act's facial validity pending a ruling on that challenge and until all appeal rights are exhausted. Once the three-judge panel has ruled and all appeal rights have been exhausted, the matter shall be transferred or remanded to the three-judge panel or the trial court in which the action originated for resolution of any outstanding matters, as appropriate.

*Id.*

¶ 25    "A facial challenge is an attack on a statute itself as opposed to a particular application." *Holdstock v. Duke Univ. Health Sys.*, 270 N.C. App. 267, 272, 841 S.E.2d

307, 311 (2020) (quoting *City of Los Angeles v. Patel*, 576 U.S. 409, 415, 192 L. Ed. 2d 435, 443, 135 S. Ct. 2443 (2015)). Complaints alleging broad constitutional violations constitute facial challenges. *Id.* at 272, 841 S.E.2d at 311.

Here, the trial court, after granting the Governor's motion and denying Defendants' motions to dismiss, transferred the case to the three-judge panel because Plaintiffs' complaint raised facial challenges to an act of the General Assembly. *See* N.C. Gen. Stat. §§ 1-267.1; 1A-1, Rule 42(b)(4) (2019). Upon transfer, the trial court stayed all matters contingent upon the facial challenge pending resolution by the three-judge panel and exhaustion of all appeals. *See Holdstock*, 270 N.C. App. at 272, 841 S.E.2d at 311. *See also* N.C. Gen. Stat. §1A-1, Rule 42(b)(4) (2019). As such, when the trial court transferred the case to the three-judge panel, it transferred only the facial challenge to the validity of the law, which stayed any attorney's fees issue until final resolution of the constitutional challenge. The issue of attorney's fees and costs is contingent on the outcome of the three-judge panel and any available appeals. *See Holdstock*, 270 N.C. App. at 272, 841 S.E.2d at 311.

Because the trial court retained jurisdiction over the issue of attorney's fees, the three-judge panel did not have the authority to award Plaintiffs attorney's fees. *See Holdstock*, 270 N.C. App. at 272, 841 S.E.2d at 311. *See also* N.C. Gen. Stat. § 1A-1, Rule 42(b)(4). Therefore, the three-judge panel erred in awarding Plaintiffs attorney's fees. As such, we do not reach the issue of whether Plaintiffs would have

been entitled to attorney's fees had jurisdiction been proper, and instead vacate the three-judge panel's order awarding attorney's fees and remand to the trial court for a determination of this issue.

## VI. Conclusion

We disagree with Plaintiffs' argument the three-judge panel erred in finding their claims moot without exception. The underlying controversy, by act of the General Assembly, was resolved, and Plaintiffs effectively received the relief sought. We agree with Defendants' argument the three-judge panel lacked jurisdiction to award attorney's fees to Plaintiffs. When the trial court transferred the facial challenge to the three-judge panel, it retained jurisdiction over the attorney's fees pending final resolution of the facial challenge. Therefore, the three-judge panel was without jurisdiction to award attorney's fees. We remand to the trial court to determine the issue of whether Plaintiffs are entitled to attorney's fees. Should the trial court determine Plaintiffs are not entitled to attorney's fees, it will issue an order consistent with that determination. Should the trial court determine Plaintiffs are entitled to attorney's fees, it will also determine the amount of reasonable attorney's fees Plaintiffs are entitled to recover.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

Judges COLLINS and HAMPSON concur.